UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALMATIA IMPORT GROUP, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FOODMATCH, INC. et al.,<br><br>    Defendants. | Case No. 1:16-cv-933-GBD |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### ITS MOTION FOR SEALING ORDER

Pursuant to Paragraph 14 of the Confidentiality Stipulation and Order (Doc. No. 23), Plaintiff Dalmatia Import Group, Inc., respectfully requests that this Court for grant its Motion for a Sealing Order with respect to Doc. Nos. 29 and 46, which were filed Conditionally Under Seal.  The material at issue contains highly confidential and proprietary trade secret information that, if disclosed, would be likely to cause a substantial economic injury to Plaintiff.  Specifically, the sealed material contains the highly confidential ingredient lists, proportions, and recipes for Dalmatia's fig spread.[1]  This is Dalmatia's most secret information.  It has been properly designated "Attorneys' Eyes Only" under the Confidentiality Stipulation and Order executed by the Court, was properly filed under seal, and must remain so to avoid injury to Plaintiff.

---

[1] The materials filed Conditionally Under Seal also contain information designated as Attorneys' Eyes Only by Defendants FoodMatch, Inc. and now-Defendant Lancaster Fine Foods, Inc. under the Confidentiality Stipulation and Order.

## BACKGROUND

Plaintiff brought claims alleging, in pertinent part, that Defendant FoodMatch, Inc. misappropriated Plaintiff's trade secrets, including its proprietary recipes for fig spreads, sales of which constitute the overwhelming majority of Plaintiff's revenues.

On February 9, 2016, Plaintiff moved for a preliminary injunction. (Doc. No. 3). On February 26, 2016, the Court entered a Confidentiality Stipulation and Order (Doc. No. 23) (the "Protective Order"), which permits the parties to designate material as "Confidential Information" if it "contains trade secret information that, if disclosed, is likely to cause substantial economic injury to a commercial enterprise." *Id.* ¶ 2(a). The Protective Order provides that certain Confidential Information may be designated "Attorneys' Eyes Only," including "product recipes, processing methods, specifications and ingredients." *Id.* ¶ 4(a).

The Court ordered expedited discovery related to Plaintiff's preliminary injunction motion. In the course of that discovery, the parties exchanged information regarding recipes, processing methods, specifications, and ingredients for their competing products.

On February 8, 2016, Plaintiff filed a Supplemental Memorandum in Support of its Motion for Preliminary Injunction, supported by the Declaration of Lauren E. Handel and numerous exhibits. Pursuant to the Protective Order, Plaintiff filed a public, redacted version of the memorandum and supporting materials as Doc. No. 28. Plaintiff lodged the confidential unredacted version with the Court in an envelope labeled "Conditionally Under Seal. The Clerk properly filed the confidential unredacted version as Doc. No. 29.

On March 25, 2016, Plaintiff moved for additional preliminary injunctions and filed supporting memoranda with exhibits. Several exhibits were excluded from the public filings and were lodged with the Court in an envelope labeled "Conditionally Under Seal"—specifically

Exhibit F to Doc. No. 47 and Exhibit A and E to Doc. No. 51.  The Clerk properly filed the confidential documents as Doc. No. 46.

The Protective Order requires that the party who designated the material as Confidential Information to file a motion for a sealing order within 30 days to prevent the unsealing of the sealed material.  *See* Doc. 23 ¶ 14.

## STANDARD

The Second Circuit has adopted a three-step analysis to determine whether a document may be placed under seal.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  First, a district court must determine whether the document is a judicial document, in that it is "relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119).  Second, if the court concludes that the document is a judicial document, "it must then determine the weight of th[e] presumption [of access to the judicial document]."  *Id.*  Third, the district court "must balance competing considerations against [the presumption]."  *Id.* at 120 (internal quotation marks omitted).  "Such countervailing factors include but are not limited to … the privacy interests of those resisting disclosure."  *Id.* (internal quotation marks omitted).

Applying this analysis, courts have sealed documents where the privacy or proprietary interests in keeping the document sealed outweigh the presumption of public access.  *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) ("The documents . . . contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting. I conclude that the privacy interests of the defendants outweigh the presumption of public access, and that it is appropriate for these materials to remain under seal.").

**ARGUMENT**

Plaintiff's business is developing and selling fruit spreads.  As with any such business, Plaintiff's recipes are its most closely held trade secrets.  The materials at issue contain recipes, non-public ingredient lists, and proprietary methods that the Protective Order recognizes as material entitled to the highest level of confidentiality.  Public disclosure of these materials would cause Plaintiff serious hardship, including financial harm, and would place Dalmatia at a competitive disadvantage.  The materials should remain sealed.

First, the materials are judicial documents.  They were submitted in support of Plaintiff's motion for a preliminary injunction, in response to an order of the Court permitting further briefing following expedited discovery.  *See Alexander Interactive, Inc. v. Adorma, Inc.*, No. 12-6608, 2014 U.S. Dist. LEXIS 122732, at *4 (S.D.N.Y. Sept. 2, 2014) ("Here, the documents to be submitted are in support of a motion to compel discovery and presumably will be necessary to or helpful in resolving that motion. They are, therefore, judicial documents.").

Second, the weight to be given to the presumption of public access of the materials at issue is low.  This is a dispute between private parties involving competing secret recipes.  "When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."  *In re N.Y. Times Co.*, 577 F.3d 401, 410 n.4 (2d Cir. 2009).

Third, the competing considerations against disclosure weigh heavily in favor of sealing the materials.  It is well established in the record that Plaintiff protects its proprietary recipes and production processes from the public.  *See* Doc. No. 7 ¶ 11.  Those who are permitted access to such materials are subject to non-disclosure agreements.  *Id.* ¶¶ 7, 16.  Such materials are entitled to protection, as the Protective Order recognizes.  Indeed, courts have found that even recipes

that are no longer in use may remain sealed, lest a competitor obtain an unfair advantage. *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 409 (D. Del. 2000).

Application of the *Lugosch* factors dictate that the material at issue was properly designated Confidential Information and should remain sealed.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that its motion should be granted.  Doc. Nos. 29 and 46 should remain under seal.

Respectfully submitted,

/s/ *Lauren E. Handel*
Lauren E. Handel
FOSCOLO & HANDEL PLLC
75 Washington Valley Road #416
Bedminster, New Jersey  07921
(908) 206-4103

Michael S. Nadel
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C.  20001
(202) 756-8000

*Attorneys for Plaintiff*
*Dalmatia Import Group, Inc.*

**CERTIFICATE OF SERVICE**

  I certify that on March 31, 2016, I caused the foregoing document to be filed using the CM/EFC system, which will cause a copy to be served upon all counsel of record.

              /s/ *Lauren E. Handel*
              Lauren E. Handel